IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **JAMES C. CHAMBERS, JR.,** | **PLAINTIFF,** |
| **VERSUS** | **CIVIL ACTION NO.:2:16-cv-2999** |
| **BROOKDALE SENIOR LIVING COMMUNITIES, INC.,** d/b/a **SOUTHERLAND PLACE ASSISTED LIVING** | **DEFENDANT.** |

JURY TRIAL DEMANDED

## COMPLAINT

This is an action to recover actual damages for discrimination based upon race, age and for retaliation. The following facts support the action:

1.  Plaintiff, James C. Chambers, Jr., is an adult resident citizen of 6690 Bright Star Lane, Bartlett, Tennessee 38134. Mr. Chambers is a white male, age (63).

2.  At all relevant times, Defendant, Brookdale Senior Living Communities, Inc., d/b/a Southerland Place Assisted Living ("Brookdale"), a Delaware corporation in good standing with its principal place of business at 111 Westwood Place, Suite 400, Brentwood, Tennessee 37027, has continuously been doing business in the State of Tennessee, and has continuously had at least fifteen employees.

3.  At all relevant times, Brookdale has continuously been an employer in an industry affecting commerce under Title VII, 42 U.S.C. §§ 2000e and an employer as contemplated by 29 U.S.C. § 630. It may be served with process upon its registered agent,

Corporation Service Company, 2908 Poston Avenue, Nashville, Tennessee 37203-1312.

4. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and civil rights jurisdiction under 28 U.S.C. § 1343, for a cause of action arising under the Title VII of The Civil Rights Act of 1964, and 42 U.S.C. § 1981. This Court has authority to award costs and attorney's fees under 42 U.S.C. § 1988.

5. Venue is proper in this action pursuant to 28 U.S.C. § 1391 because the events or omissions giving rise to Plaintiff's claims occurred in Germantown, Shelby County, Tennessee, which is within the Western District of Tennessee, Western Division.

6. Mr. Chambers filed charges with the U.S. Equal Employment Opportunity Commission ("EEOC", or "the Commission") alleging violation of the Title VII of the Civil Rights Act of 1964 and Age Discrimination in Employment Act ("ADEA") by Brookdale. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. On or about January 13, 2012, Plaintiff, then a resident of the City of Germantown, Shelby County, State of Tennessee, was hired by Brookdale as a full-time Manager, Dining Services at its Southerland Place Assisted Living facility ("Southerland Place"), located at 7701 Poplar Avenue, Germantown, Tennessee 38138.

8. Plaintiff was hired by Executive Director, Kara Holston, a black female, on January 13, 2012, and fired by her on June 18, 2014, due to alleged unsatisfactory job performance.

9. Plaintiff was 63 years old at the time of his termination.

10. Plaintiff was in charge of supervising both black and white employees.

11. During his tenure at Southerland Place, Plaintiff had a high proficiency ranking. Plaintiff was beloved by the residents of Southerland Place.

12. Starting on or about February 2012, Plaintiff's subordinates, Kerri Franklin, Chelsea Smith, and Portia (Last Name Unknown), all Black Females, made racial comments which included but were not limited to "White Mother Fucker," "Hoe," "White Bitch," and "Cracker." These racial and derogatory comments continued through June 2014.

13. On or about December 2012, Chelsea Smith, Cook, called Plaintiff a "White Bitch."

14. Donna Kerr a Receptionist for Southerland Place was a witness to the "White Bitch" comment.

15. In June 2014, Kerri Franklin, a Care Associate, called the Plaintiff a "White Mother Fucker."

16. There were witnesses to these comments.

17. Plaintiff reported the racial comments to Ryan Alspaugh, Brookdale Regional Director of Human Resources in 2012.

18. After reporting the comments to Human Resources, the acts of discrimination persisted.

19. Plaintiff was subjected to a pattern and practice of favoritism by his immediate supervisor, Kara Holston, towards Plaintiff's subordinates who were black and who subjected the Plaintiff to constant racially derogatory slurs.

20. Plaintiff complained to Ms. Holston, again, after reporting the incident to Human Resources.

21. Plaintiff constantly voiced his concerns to Ms. Holston that he was impeded in his ability to perform his job duties because she was not allowing him to manage his employees and she was undermining his authority.

22. Ms. Holston had a practice of verbally or formally reprimanding Plaintiff because he took corrective action towards those employees who reported to him but subjected him to unlawful racial discrimination.

23. Ms. Holston's alleged complaints regarding Plaintiff's job performance were in relation to his dealings with those aforementioned employees Mr. Chambers complained were subjecting him to racial comments and Ms. Holston refused to act on his complaints.

24. Holston intentionally failed to address Mr. Chambers complaints that he was being subjected to a racially hostile work environment because Holston, his direct supervisor, was part of the pervasive and hostile racial discrimination that Mr. Chambers was forced to deal with during his years with Defendant by her failure to address the problem and by perpetuating the ability of the subordinates to continue to harass Mr. Chambers by failing to stop the discrimination.

25. Rather than investigate Mr. Chambers claims that Holston undermined his authority and refused to consult with him per the duties set forth in his job description, Holston created an environment that denigrated Mr. Chambers because he is an older white man.

26. In May of 2014, Plaintiff filed a written Conflict Resolution due to Kara Holston constantly denigrating him in front of his subordinates and failing to heed his complaints of racial bias and insubordination.

27. Plaintiff met Mr. Alspaugh in May 2014, and others, as part of Plaintiff's attempt to bring attention to these ongoing problems via a Conflict Resolution Meeting.

28. On or about June 19, 2014, in retaliation for Plaintiff's formal complaints against direct Supervisor Kara Holston, Plaintiff was terminated for a very nondescript reason which was "Unsatisfactory Job Performance."

29. The only issues Plaintiff had in his job performance was constantly having to deal with the racially discriminatory comments of his subordinates and his direct supervisor's refusal to acknowledge and address the racial bias issues.

30. The State of Tennessee, Department of Labor and Workforce Development Separation Notice is signed by Executive Director, Kara Holston on June 24, 2014.

31. After Plaintiff was terminated, Southerland Place hired a young black male, Avery Cain, to replace the Plaintiff as the fulltime Manager of Dining Services.

32. Prior to and leading up to his termination, Plaintiff had been training Avery Cain but did not know this was to enable the Defendant to replace Plaintiff with a younger black male.

33. Plaintiff thereafter filed a Charge of Discrimination with the Equal Employment Opportunity Commission on November 17, 2014, alleging that he had been discriminated against by Brookdale when they allowed him to be continually subject him

to racial comments and was discriminated against due to his age. Plaintiff was terminated and replaced by a young and black male. See Exhibit A, Charge of Discrimination.

34. On September 29, 2016, the EEOC issued Mr. Chambers a Notice of Suit Rights. See Exhibit B.

35. Plaintiff was discriminated against based upon his race (white) in violation of 42 U.S.C. § 2000e, Title VII of the Civil Rights Act of 1964, as amended, and 42 U.S.C. § 1981, and age pursuant to the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §621 *et seq*. and was retaliated against due to his filing a complaint against his direct supervisor, Executive Director, Kara Holston.

36. As a consequence of the foregoing misconduct by the Brookdale, Plaintiff Chambers has suffered mental anxiety and stress and loss of income as a result of the Defendant's actions.

## **REQUEST FOR RELIEF**

37. Plaintiff sustained substantial monetary and non-monetary damages as a result of Defendant's illegal conduct, and Mr. Chambers demands such legal and equitable relief as will effectuate the purposes of 42 U.S.C. § 1981 and the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*., and the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §621 *et seq.* including but not limited to, the following:

   a. Compensatory damages;

   b. Punitive damages;

   c. Liquidated damages;

    d. Costs and attorney's fees;

    e. Appropriate affirmative action;

    f. Reinstatement or other equitable relief;

    g. Accrual of back and front pay and fringe benefits; and

    h. Any other relief that this Court deems just and equitable.

Plaintiff prays for actual and punitive damages in an amount to be determined by a jury, for reinstatement and for reasonable attorney fees.

THIS the 22nd day of December, 2016.

Respectfully submitted,
James Chambers

**/s/Tressa V. Johnson**
KRISTY BENNETT BPR# 30016
TRESSA V. JOHNSON BPR# 26401
Attorneys for Plaintiff
Johnson & Bennett, PLLC
1331 Union Ave., Ste. 1226
Memphis, TN 38104
(901) 402-6830
(901) 462.8629 fax
kristy@myjbfirm.com
tressa@myjbfirm.com